UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MYRA ROPER,

               Plaintiff,

   -against-

THE CITY OF NEW YORK, P.O. DAVID
HODGKINS, P.O. KEITH HOCKADAY,
and P.O.s "JOHN DOE" #1-5 (said names
being fictitious, as the true names are
presently unknown), Individually and in
their Official Capacities.

               Defendants.
------------------------------------------------------X



COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, MYRA ROPER, by her attorney, K. E. Richman, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. DAVID HODGKINS, P.O. KEITH HOCKADAY and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the Housing Police Service Area 5, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto, Plaintiff, an African-American female, was and is a resident of New York, New York, located in the Southern District of New York.

8. At all times relevant hereto, Defendant, THE CITY OF NEW YORK (hereinafter, "NYC"), is a municipality of the state of New York and owns, operates, manages, directs

and controls the Housing Police Service Area 5 (hereinafter "PSA 5"), which employs the other named Defendants.

9. At all times relevant to this action, Defendants P.O. DAVID HODGKINS, P.O. KEITH HOCKADAY and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the PSA 5, and acting under color of state law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the PSA 5 and NYC, pursuant to their authority as employees, servants and agents of the PSA 5 within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the PSA 5.

## FACTS

12. On November 7, 2006, at approximately 11:20 p.m. at 1839 Lexington Avenue, in the borough of Manhattan, Plaintiff MYRA ROPER was falsely arrested and physically abused by Housing PSA 5.

13. Plaintiff is a 42 year-old African-American female with no criminal history.

14. P.O. DAVID HODGKINS (Shield #20714), P.O. KEITH HOCKADAY (Shield #05749) and P.O.s "JOHN DOE" #1-5, in the course of attempting to falsely arrest Plaintiff and her son, Joshua Dent, engaged in a physical altercation with Plaintiff while

she was within the confines of her home. During the course of this incident, pepper spray was administered, a taser gun was drawn and physical force was used by said officers.

15. As a result of the physical abuse caused by PSA 5 P.O. DAVID HODGKINS, P.O. KEITH HOCKADAY and P.O.s JOHN DOE" #1-5, Plaintiff sustained injuries to her left wrist and lower back, and aggravated a previous injury to her right shoulder/rotator cuff.

16. At the Precinct, the Police Officers filled out false police reports and provided false and misleading information to the Prosecution which implicated Plaintiff in the commission of a crime.

17. On or about November 7, 2006, Plaintiff was arraigned in New York County Criminal Court under Docket Number 2006NY076385. Plaintiff was released on her own recognizance.

18. Plaintiff was charged with one felony count of Assault in the Second Degree (P.L. § 120.05(3)) and one misdemeanor count of Obstruction of Governmental Administration in the Second Degree (P.L. § 195.05).

19. As a result of the false claims against her, Plaintiff spent approximately 24 hours in custody.

20. On June 27, 2007, the Plaintiff was exonerated of all charges at trial and said charges were officially dismissed and sealed.

21. On January 24, 2007, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff, MYRA ROPER, was served upon the NYC.

22. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to the NYC for adjustment and the NYC has neglected and/or refused to adjust and/or make payment.

23. Within thirty (30) days of the incident, Plaintiff filed a complaint with the Civilian Complaint Review Board.

24. This action is commenced within one year and ninety days of the occurrence herein.

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

25. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

27. All of the aforementioned acts deprived Plaintiff, MYRA ROPER, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the PSA 5, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of

his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

31. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to use excessive force in dealing with the Plaintiff and to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. As a result of Defendants' aforementioned conduct, Plaintiff, MYRA ROPER, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

36. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety and subjected to handcuffing and other physical restraints, without probable cause.

37. As a result of her false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before her neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

38. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

41. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

42. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about her body.

43. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

46. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

49. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

50. The criminal proceedings against Plaintiff were terminated in favor of Plaintiff on June 27, 2007.

## SIXTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Defendants issued legal process to place Plaintiff under arrest.

53. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

54. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

55. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 54 with the same force and effect as if fully set forth herein.

56. Defendants P.O. DAVID HODGKINS, P.O. KEITH HOCKADAY and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), assaulted Plaintiff, MYRA ROPER, despite a complete lack of cause against her, notwithstanding their knowledge that said assault would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the PSA 5, all under the supervision of ranking officers of said department.

59. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the PSA 5 included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

60. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the PSA 5 constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, MYRA ROPER.

61. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the PSA 5 were the direct and proximate cause of the constitutional violations suffered by Plaintiff, MYRA ROPER, as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the PSA 5 were the moving force behind the constitutional violation suffered by Plaintiff, MYRA ROPER, as alleged herein.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff, MYRA ROPER.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

65. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

66. All of the foregoing acts by Defendants deprived Plaintiff, MYRA ROPER, of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from excessive force and infliction of emotional distress;

    f. Not to have cruel and unusual punishment imposed upon her; and

    g. To receive equal protection under the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
             May 8, 2008

                                      Respectfully submitted,

                                      K. E. RICHMAN, ESQ. (KR9774)

                                      K. E. Richman
                                      *Attorney for Plaintiff*
                                      Law Office of K. E. Richman LLP
                                      230 Park Avenue, Tenth Floor
                                      New York, NY 10169
                                      (212) 687-8291

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MYRA ROPER

    Plaintiff

-against-

THE CITY OF NEW YORK, P.O. DAVID HODGKINS, P.O. KEITH HOCKADAY and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendant.

---

COMPLAINT AND DEMAND FOR JURY TRIAL

---

The Law Office of K. E. Richman LLP
Kim E. Richman, Esq.

230 Park Avenue, 10th Flr.
New York, NY 10169
(212) 687-8291