


MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

ROBYN N. PULLIO
*Assistant Corporation Counsel*
Special Federal Litigation Division
Tel.: (212) 788-1090
Fax: (212) 788-9776
Email: rpullio@law.nyc.gov

May 27, 2008

BY FAX
Honorable Robert W. Sweet
United States District Court Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: (212) 805-7925

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/08

So ordered
Sweet USDJ
5.28.08

Re: <u>Myra Roper v. City of New York, et al.</u>, 08 CV 4347 (RWS)

Dear Judge Sweet:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendant the City of New York. I am writing with the consent of plaintiff's counsel, Kim Eleazer Richman, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from May 28, 2007, to July 28, 2008, to answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

    The complaint alleges, *inter alia*, that plaintiff Myra Roper was subjected to false arrest and imprisonment; excessive force; and malicious prosecution. In addition to the City of New York and the New York City Police Department, the complaint also purports to name "P.O. David Hodgkins" and "P.O. Keith Hockaday" as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure. The enlargement of time will afford us the opportunity to investigate the matter.

    Therefore, this office will be forwarding to plaintiff for execution a release for her medical records. Additionally, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, are sealed.

1

Defendant cannot obtain these records without the designation and the medical release, and without these records, defendant cannot properly assess this case or respond to the complaint.

Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. The individually named defendants must then decide whether they wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request to extend the City's time to answer the complaint until July 28, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX
      Kim Eleazer Richman, Esq.
      Attorney for Plaintiff
      230 Park Avenue, Suite 963
      New York, New York 10169
      Fax: (212) 687-8292

---

[1] According to the docket sheet in this matter, Affidavits of Service were filed stating that Officer Hodgkins was served on or about May 14, 2008, and that Officer Hockaday was served on or about May 15, 2008. Although this office does not currently represent Officer Hodgkins or Officer Hockaday, and assuming that they were properly served, this office also respectfully requests this extension on their behalves in order to prevent their defenses from being jeopardized while representational issues are being resolved.

2